# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT B. WHEELER, SR., | ) | 3:06-cv-00717-RAM |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM DECISION AND ORDER** |
| BRENT COSS and CITY OF RENO, | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion for Attorneys' Fees and Costs (Doc. #78).[1] Defendants opposed the motion (Doc. #82), and Plaintiff replied (Doc. #85). After a thorough review, the court grants the motion in part and denies the motion in part.

## I. BACKGROUND

On December 23, 2006, Plaintiff Robert B. Wheeler, Sr. filed a complaint alleging he was falsely arrested for violating a Temporary Protective Order (TPO) that did not exist and for harassment based on his estranged wife's report that Plaintiff said he "would deal with her." (Doc. #1). Plaintiff alleges he remained incarcerated for twenty-four days based on this unlawful arrest and that he lost his job and his home. (*Id.*) On January 4, 2008, the court issued an order ruling on the parties' cross-motions for summary judgment. (Doc.#49.) The court granted summary judgment in favor of Plaintiff, concluding that Defendant Coss did not have probable cause to arrest Plaintiff for violating a TPO or to arrest Plaintiff for harassment. (*Id.*)

---

[1] Refers to the court's docket number.

Defendants appealed the court's grant of summary judgment in Plaintiff's favor (Doc. #51), and the Ninth Circuit affirmed this court's holding (Doc. #54.) Ultimately, the parties entered into a settlement agreement on February 22, 2010. (Doc. #87.) In exchange for a release of all of his claims in this action, Plaintiff received $50,000 from Defendants plus attorney's fees and costs to be determined by the court. (*Id.*)

## II. LEGAL STANDARD

The Civil Rights Attorney's Fees Award Act of 1976 provides for a prevailing plaintiff's recovery of reasonable attorney's fees in civil rights actions. *See* 42 U.S.C. § 1988 (" In any action or proceeding to enforce a provision of section . . . 1983 of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. . . ."). "The purpose of § 1988 is to ensure the effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

"A party need not prevail on all issues litigated, but must succeed on at least some of the merits." *Cummings v. Connell*, 402 F.3d 936, 946 (9th Cir. 2005). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," and "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *City of Riverside v. Rivera*, 477 U.S. 561, 569 (1986) (quoting *Hensley*, 461 U.S. at 435). "In short, a plaintiff 'prevails' when actual relief on the merits of [the plaintiff's] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992).

Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in *Hensley*. *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of

hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. *See Davis v. City & County of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). To calculate the lodestar figure, a party must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984). There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). However, upon considering the relevant *Kerr* factors that may bear on reasonableness, the court may adjust the award from the lodestar figure. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). Only in rare instances should the lodestar figure be adjusted on the basis of these considerations. *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994).

## III. DISCUSSION

Plaintiff requests the following lodestar amount for work he asserts is compensable under section 1988:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---:|---|---:|
| Terri Keyser-Cooper | 614.80 | $350 | $215,180.00 |
| Diane Vaillancourt | 325.42 | $350 | $113,897.00 |
|  |  |  |  |
| **Total Requested Lodestar** | **$329,077.00** |  |  |

(Pl.'s Mot. for Attorneys' Fees and Costs 30 (Doc. #78).) Defendants challenge the amount of Plaintiff's request on various grounds, each of which is discussed below. However, Defendants do not dispute that Plaintiff is the "prevailing party" and, thus, is entitled to some amount of attorneys' fees.

**A.   REASONABLE RATE**

Plaintiff argues that a reasonable hourly rate for each of his attorneys is $350 per hour. (Pl.'s Mot. 26.) In support of his position, Plaintiff points to an order issued in *Behymer-Smith v. Coral Academy of Science*, 427 F.Supp. 2d 969 (D. Nev. 2006), in which this court determined that $350 per hour was a reasonable rate for Ms. Keyser-Cooper and Ms. Vaillancourt. (*Id.* Ex. 8.) Defendants do not object to Plaintiff's requested $350 hourly fee for his attorneys.

In determining whether an hourly rate is reasonable, the court considers the experience, skill, and reputation of the attorney requesting fees. *See Webb v. Ada County*, 285 F.3d 829, 840 n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. *See id.*; *see also Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). In addition to their own statements, attorneys are required

4

to submit additional evidence that the rates charged are reasonable. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).

"When a fee applicant fails to meet its burden of establishing the reasonableness of the requested rates . . . the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community." *Bademyan v. Receivable Mgmt. Servs. Corp.*, 2009 U.S. Dist. LEXIS 21923, at *15, 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009). However, "[i]t is an abuse of discretion to apply market rates in effect more than two years before the work was performed." *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003).

Here, the court finds an hourly rate of $350 per hour to be reasonable for Plaintiff's attorneys. The order issued in *Behymer-Smith* in 2006 supports the reasonableness of the requested rate for work performed by Plaintiff's attorneys up until 2008. As discussed above, a court may not rely on the market rates in effect more than two years before work was performed. However, based on its experience and knowledge of the prevailing rates in the District of Nevada, the court finds that $350 per hour remains a reasonable rate for work performed between 2008 and the present by Plaintiff's attorneys.

**B.   HOURS REASONABLY EXPENDED**

Plaintiff argues that 614.80 hours expended by Ms. Keyser-Cooper and the 325.42 hours expended by Ms. Vaillancourt were reasonably expended. (Pl.'s Mot. 30.) Defendant contends that the number of hours spent by Plaintiff's attorneys should be reduced because Plaintiff's counsel expended an excessive amount of time: (1) drafting the complaint; (2) preparing Plaintiff for his deposition; (3) preparing to take Tina Brown's deposition; (4) preparing for the deposition of Defendant Coss; (5) producing Plaintiff's motion for partial summary judgment; (6) opposing Defendants' motion for summary judgment; and (7) preparing for oral argument before the Ninth Circuit. (Defs.' Opp'n to Attorney's Fees and Costs 5-8 (Doc. #82).) Defendants also argue that the attorneys' fee award should be reduced for the administrative or secretarial work undertaken by Plaintiff's attorneys. (*Id.* at 7-8.)

Although district courts have discretion in determining the amount of a fee award, "it remains important . . . for the district court to provide a *concise* but *clear* explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437 (emphasis added). The district court should give at least some indication of how it arrived at the amount of compensable hours for which fees were awarded to allow for meaningful appellate review. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 485 (9th Cir. 1988) ("Courts need not attempt to portray the discretionary analyses that leads to their numerical conclusions as elaborate mathematical equations, but they must provide sufficient insight into their exercises of discretion to enable [the appellate court] to discharge our reviewing function").

At the outset, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). A court must guard against awarding fees and costs which are excessive and must determine which fees and costs were self-imposed and avoidable. *INVST Fin. Group v. Chem-Nuclear Sys.*, 815 F.2d 391, 404 (6th Cir. 1987)). A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Soler v. G & U, Inc.*, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. *See Gates*, 987 F.2d at 1399 (quoting *Hensley*, 461 U.S. at 433-34). However, in awarding fees under section 1988, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time [she] was required to spend on the case; after all, [she] won, and might not have, had [she] been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

    1.    Drafting of Complaint

Defendants argue that the time Plaintiff's counsel expended in preparing the thirteen-page complaint is excessive. (Defs.' Opp'n 5-6.) According to Defendants, the court should find that 5.46 hours is reasonable for drafting the complaint. (*Id.*)

Plaintiff contends all 16.8 hours expended in drafting the complaint were reasonably necessary. (Pl.'s Reply 7-8 (Doc. #85).) Plaintiff asserts that a well-drafted complaint ensures the defendant will not file a motion to dismiss and is more efficient, overall, because no time is spent in amending the complaint. (*Id.*) Furthermore, Plaintiff points to Ms. Keyser-Cooper's success in opposing motions to dismiss – in twenty years, Ms. Keyser-Cooper has never had a case dismissed via a motion to dismiss that has not been reversed at the Ninth Circuit. (*Id.*)

The court finds that the 16.8 hours expended by Plaintiff's counsel in drafting the complaint were reasonably necessary. Although Defendants maintain that the hours requested are excessive and evidence the inefficiency of Plaintiff's counsel, they fail to point with any specificity to the particular hours that should be deducted. Defendants offer minimal rationale for reducing the number of hours expended to 5.46 hours. In part, Defendants argue that Plaintiff's voluntary dismissal of his municipal liability claim warrants a reduction in hours. (Defs.' Opp'n 5.) However, Plaintiff states that all hours related to litigation of this claim have been deleted from time records and that he does not seek attorneys' fees related to this claim. (Pl.'s Reply 8 n. 9.) In sum, the court declines to reduce the hours expended by Plaintiff's counsel in drafting the complaint.

2. <u>Deposition Preparation</u>

Defendants take issue with the hours Plaintiff's counsel expended in preparation for Plaintiff's deposition, Tina Brown's deposition, and Defendant Coss's deposition. (Defs.' Opp'n 6.) Defendants argue that Plaintiff's counsel expended excessive time preparing for all three depositions. (*Id.*)

Plaintiff's counsel expended 20.33 hours preparing Plaintiff for his deposition. (Pl.'s Reply 9.) Defendants contend that this amount of time is excessive and should be reduced to 4.33 hours. (Defs.' Opp'n 6.) According to Defendants, Plaintiff's deposition lasted for only two hours. (*Id.*) Plaintiff does not appear to dispute this point, but argues that extensive preparatory time was necessary in order for him to competently testify. (Pl.'s Reply 9-10.)

1  The court finds that Plaintiff's counsel expended excessive time preparing Plaintiff for his
2  deposition. Based on its litigation knowledge and in exercising its discretion, the court
3  concludes that eight hours were reasonably necessary to adequately prepare for Plaintiff's
4  deposition.

5  Plaintiff's counsel expended 22.5 hours preparing for Tina Brown's three depositions.
6  (Pl.'s Reply 11.) According to Defendants, only 4.5 hours was reasonably necessary and the
7  court should reduce Plaintiff's requested hours. (Defs.' Opp'n 6.) Defendants assert that Ms.
8  Brown was deposed in total for approximately 4.5 hours. (*Id.*) Although Plaintiff does not
9  dispute Defendants' assertion that Ms. Brown was only deposed for 4.5 hours, he argues that
10 because Ms. Brown was a difficult deponent, and three separate depositions were necessary,
11 extensive preparation was required. (Pl.'s Reply 11-12.) The court understands the
12 importance of thorough preparation, but nevertheless, concludes that the time expended to
13 prepare for Ms. Brown's depositions was excessive. Accordingly, the court finds that eight
14 hours were reasonably necessary and reduces the amount of time Plaintiff's counsel allots for
15 preparing to depose Ms. Brown.

16 Plaintiff's counsel expended 7.5 hours preparing for Defendant Coss's deposition.
17 (Pl.'s Reply 12.) Defendants argue that the court should find that only three hours were
18 reasonably necessary. (Defs.' Opp'n 6.) According to Defendants, Defendant Coss's
19 deposition lasted for two hours and fifteen minutes. (*Id.*) The court finds 7.5 hours of
20 preparation for an approximately two-hour deposition to be excessive and concludes that only
21 four hours were reasonably necessary for this task.

22 In sum, in exercising its discretion, the court reduces the number of hours requested
23 by Plaintiff for taking the deposition of Plaintiff, Tina Brown, and Defendant Coss by 30.33
24 hours.

25  3.  Summary Judgment Briefing

26 Defendants argue that Plaintiff's counsel expended an excessive amount of time
27 preparing Plaintiff's motion for partial summary judgment and in preparing Plaintiff's
28

8

1 opposition to Defendants' motion for summary judgment. (Defs.' Opp'n 6-7.) Defendants
2 calculate the number of hours Plaintiff's counsel spent on the summary judgment motion to
3 be 89.33. (*Id.*) Specifically, Defendants contend that the 89.33 hours Plaintiff's counsel
4 spent on Plaintiff's motion for summary judgment should be reduced to 19.33 hours. (*Id.*)
5 Defendants assert that the 33.45 hours Plaintiff's counsel spent opposing Defendants' motion
6 for summary judgment should be reduced to 5.45 hours. (*Id.*)

7 As to his motion for partial summary judgment, Plaintiff contends that Defendants
8 exaggerate the number of hours expended by his attorneys. (Pl.'s Reply 13.) According to
9 Plaintiff, only 46.39 hours were expended in preparing this document. (*Id.*)

10 After reviewing Plaintiff's counsel's time records, the court exercises its discretion and
11 finds that 46.39 hours is a reasonable amount of time to prepare a partial motion for
12 summary judgment. Defendants fail to provide a sufficiently specific basis to justify
13 decreasing the amount of time expended by Plaintiff's counsel. Thus, the court declines to
14 reduce the amount of time Plaintiff requests.

15 As to his opposition to Defendants' motion for summary judgment, Plaintiff argues
16 that Defendants similarly inflate the number of hours expended by his attorneys. (Pl.'s Reply
17 13-14.) According to Plaintiff, only 20.86 hours were expended in preparing the opposition.
18 (*Id.* at 14.)

19 Although Defendants claim that Plaintiff's counsel spent excessive time preparing the
20 opposition, Defendants fail to either identify how they determined that Plaintiff's counsel
21 expended 33.45 hours or why 5.45 hours is a reasonable amount of time to prepare an
22 opposition to summary judgment. After reviewing Plaintiff's counsel's time records, the court
23 finds that 20.86 hours is the actual time Plaintiff's counsel expended on preparing the
24 opposition. Moreover, the court exercises its discretion and concludes that 20.86 hours is a
25 reasonable amount of time to prepare an opposition to summary judgment.
26 ///
27 ///
28

####         4.      Attorneys Fees Incurred on Appeal

Defendants argue that the time Plaintiff's counsel expended in preparation for oral argument before the Ninth Circuit is unreasonable and excessive. (Defs.' Opp'n 8.) In Defendants' view, the court should only award Plaintiff attorneys' fees in the amount corresponding to the time spent in preparing Plaintiff's appellate brief. (*Id.*)

A district court is not authorized to rule on the request for appellate attorneys fees unless the fee applicant has requested such fees from the circuit court. *Cummings v. Connell*, 402 F.3d 936, 948 (9th Cir. 2005). Ninth Circuit Rule 39-1.6 provides that a request for attorneys fees must be filed with the circuit clerk within fourteen days from the expiration of the period within which a petition for rehearing may be filed. *See* Circuit Rule 39-1.6, 1.8. If a petition for rehearing is filed, a request for attorneys fees must be filed with the circuit clerk within fourteen days after the court's disposition of the petition. *Id.* The circuit rules allow for the transfer of a fees-on-appeal request to the district court for consideration, but "the decision to permit the district court to handle the matter rests with the court of appeals." *Cummings*, 402 F.3d at 948. Certain statutes allow for requests for appellate fees requests to be made to the district court, but attorneys fees-on-appeal requests pursuant to § 1988 must be filed in the first instance in the circuit court. *Compare Natural Resources Defense Council, Inc. v. Winter*, 543 F.3d 1152, 1163-64 (9th Cir. 2008) (holding that a fee request under Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the district court to properly award fees for all levels of litigation), *with Cummings*, 402 F.3d at 948 (holding that appellate fees requested pursuant to 42 U.S.C. § 1983 must be filed with the Ninth Circuit clerk in the first instance).

Here, Plaintiff does not indicate that he made any requests for fees from the circuit court or that he filed any motion to transfer consideration of attorneys' fees on appeal. The court recognizes that this may have been an oversight, and that this oversight is met with harsh results; however, this court is without authority to award any appellate fees. Therefore, the court finds that the Plaintiff is not entitled to attorneys' fees incurred in the

course of his appeal. Plaintiff indicates that Ms. Keyser-Cooper expended 50.1 hours on appellate briefing and 66.9 hours on oral argument. (Pl.'s Mot. Ex. 1 at 16-20.) Ms. Vaillancourt expended 45.3 hours on appellate briefing and .51 hours on oral argument. (*Id.* Ex. 2 at 1-2.) The court reduces Plaintiffs' attorneys' fees accordingly.

### 5. Administrative or Secretarial Work

Defendants argue that Ms. Keyser-Cooper unreasonably seeks attorney-level compensation for forty hours of administrative or secretarial work. (Defs.' Opp'n 7-8.) Defendants contend that $14,000 of excessive charges result from this time. (*Id.*)

Plaintiff concedes that the drafting of subpoenas and notices are classically paralegal work and identifies 8.8 hours devoted to these tasks. (Pl.'s Reply 14.) Plaintiff voluntarily reduces the amount of attorney time and requests compensation for the 8.8 hours Ms. Keyser-Cooper expended at a paralegal fee of $90 per hour. (*Id.* at 14-15.) As to the remaining time Defendants identify as administrative or secretarial work, Plaintiff contends that such work is properly characterized as attorney tasks. (*Id.* at 14-16.)

In light of Plaintiff's concession, the court reduces the amount of Plaintiff's attorneys' fees by 8.8 hours. Additionally, the court agrees with Plaintiff that paralegal time is compensable if not incorporated into attorney time already sought. *See Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006). Plaintiff seeks compensation for the 8.8 hours of paralegal work at a rate of $90 per hour. The court concludes that $90 per hour is a reasonable hourly rate in this locality. *See SOC-SMG, Inc. v. Christian & Timbers, LLC*, 2010 U.S. Dist. LEXIS 50062, at *7 (D. Nev. May 20, 2010) (finding $100 per hour to be a reasonable hourly rate for a paralegal). Thus, the court awards Plaintiff $792 in paralegal fees but reduces the total amount of attorney time by 8.8 hours.

After reviewing Plaintiff's documentation, the court finds that the remaining 32.8 hours are properly billed as attorney time. In response to Defendants' argument, Plaintiff asserts that the time spent by counsel reviewing the docket and case files, organizing and

1 reviewing documents, and scheduling with Defendants' counsel required an attorney's
2 judgment to be properly executed. (Pl.'s Reply 15-16.) According to Plaintiff, the work
3 undertaken in the 32.8 disputed hours would be inappropriate to delegate to a paralegal or
4 secretary. (*Id.*) The court agrees and declines Defendants' invitation to reduce Plaintiff's
5 attorneys' fees on this basis.

### C.   PROPORTIONALITY OF ATTORNEYS' FEES TO PLAINTIFF'S RECOVERY

Defendants contend that Plaintiff's requested attorneys' fee award should be adjusted downward because Plaintiff's attorneys' fees are grossly disproportionate to his settlement amount. (Defs.' Opp'n 4-5.) Furthermore, Defendants argue that Plaintiff only achieved limited success and that Plaintiff's success did not convey any significant public benefit because he only sought monetary recovery and not injunctive relief. (*Id.* at 3.) Specifically, Defendants assert that the court should not award more than $65,891.71 in attorneys' fees in total. (*Id.* at 8.)

Plaintiff responds that he fully achieved his goal in litigation by establishing liability at summary judgment and securing a $50,000 settlement. (Pl.'s Mot. 13.) According to Plaintiff, he did not seek a specific dollar amount in damages in his complaint because he did not know what the value of his case would be until his attorneys evaluated his damages. (*Id.*) Plaintiff contends that Defendants' proportionality argument is premised on a figure used in confidential settlement negotiations and not a figure that represents the amount sought in the litigation. (Pl.'s Reply 2-3.)

"Under *Hensley*, the reasonableness of a fee award is determined by answering two questions: 'First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?'" *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

///
///

1. Failure to Succeed on Unrelated Claims

"A plaintiff is not eligible to receive attorney's fees for time spent on unsuccessful claims that are unrelated to a plaintiff[']s successful § 1983 claim." *McCown*, 565 F.3d at 1103. Here, Plaintiff's complaint contained two claims – a false arrest claim and a municipal liability claim. (Doc. #1.) Plaintiff voluntarily dismissed his municipal liability claim before trial and indicates that he does not seek fees for hours related to its effort. (Pl.'s Reply 8.) Thus, the court need not determine whether Plaintiff's two claims are "unrelated" because Plaintiff does not seek fees related to the municipal liability claim.

2. Level of Success

"[A]ttorney's fees awarded under 42 U.S.C. § 1988 must be adjusted downward where the plaintiff has obtained limited success on his pleaded claims, and the result does not confer a meaningful public benefit." *McCown*, 565 F.3d at 1103. "Although the Supreme Court has disavowed a test of strict proportionality, it also suggested that a comparison of damages awarded to damages sought is required." *Id.* at 1104 (citing *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986) (Powell, J., concurring)). In civil rights cases, a rule of proportionality is inappropriate " because it fails to recognize the nature of many, of not most civil rights cases, in which damages may be limited by law, regardless of the importance of the civil rights at issue." *Id.* "For this reason, the district court must consider the excellence of the overall result, not merely the amount of damages won." *Id.* "[R]esults may not be measured solely in terms of damages . . . [thus,] a court should consider not only the monetary results but also the significant nonmonetary results [the plaintiff] achieved for himself and other members of society." *Id.* (quoting *Morales v. City of San Rafael*, 96 F.3d 359, 365 (9th Cir. 1996) (second alteration in original).

Here, comparing the damages awarded to Plaintiff to the damages sought by Plaintiff is of little guidance. In his complaint, Plaintiff sought damages "in an amount to be determined a trial." (Doc. #1.) Therefore, considering the $50,000 in damages Plaintiff obtained in the settlement agreement as compared to the non-specific amount plead in the

complaint fails to indicate the level of Plaintiff's success. Defendant asks the court to measure Plaintiff's success relative to a prior settlement demand of $186,000. (Defs.' Opp'n 4.) In *McCown*, the court considered a proposed settlement agreement because "*both parties* sought to introduce evidence of settlement discussions and negotiations, and the district court considered that evidence when making its ruling on attorney's fees." *McCown*, 565 F.3d at 1104-05 n. 4 (emphasis added). However, the court noted that it "generally refrain[s] from referencing proposed settlement agreements in light of Federal Rule of Evidence 408, which seeks to protect the confidentiality of settlement negotiations. *Id*. In this case, Defendants seek to introduce a proposed settlement agreement, but Plaintiff objects. In such a situation, the court declines to compare Plaintiff's settlement amount to a proposed settlement based on Federal Rule of Evidence 408.

Although some might consider a $50,000 settlement a small amount, in the court's experience with cases of this type with the attendant problems associated with the Plaintiff's criminal history the $50,000 settlement in this case was an excellent result.

In considering the excellence of Plaintiff's overall result, the court finds that Plaintiff's counsel provided a "meaningful public benefit." Aside from obtaining a $50,000 settlement, in this case, Plaintiff established as a matter of law that Defendant Coss violated his right to be free from unconstitutional arrest. In securing this ruling, Plaintiff established a significant nonmonetary result to members of society – alerting police that probable cause to arrest a person does not exist: (1) based on a violation of a nonexistent TPO or (2) based on the mere utterance of the words "I'll deal with you." The results Plaintiff obtained in this case serve the public interest by vindicating the constitutional right to be free from unconstitutional arrest, which sends a message to the City of Reno and its police department about the need to undertake proper investigation before placing a person under arrest. The court's ruling in Plaintiff's favor puts police officers on notice of the consequences for constitutional violations. *See Guy v. City of San Diego*, 2010 U.S. App. LEXIS 12405, at *17-23 (9th Cir. June 17, 2010) (concluding that even in the absence of a damages award beyond nominal

damages, a plaintiff achieved "tangible results" by establishing that officers used excessive force, which logically would prompt the police department to take a closer look at the level of force used by its officers). Because Plaintiff obtained excellent results and conferred a meaningful public benefit, the court declines to reduce Plaintiff's attorneys' fees on this basis.

### D.   COSTS

Plaintiff seeks $3,218.86 in costs. (Pl.'s Mot. 30.) Defendant does not object to Plaintiff's request.

Fed. R. Civ. P. 54(d)(1) provides that costs "should be allowed to the prevailing party." Courts have interpreted this rule to create a presumption in favor of the award of costs in favor of the prevailing party, but reserving for the district judge the discretion to deny costs in appropriate circumstances. *See Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003)*; see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). The losing party has the burden to "establish a reason to deny costs." *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).

Based on its review of the entire fee application and costs, the court finds that all costs were reasonably incurred. Thus, Plaintiff is entitled to $3,218.86 in costs.

### E.   TOTAL LODESTAR CALCULATION

In sum, the court finds that the total lodestar for Plaintiff's attorneys' fees is the following:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---:|---:|---:|
| Terri Keyser-Cooper (attorney rate) | 473.83 | $350 | $165,840.50 |
| Terri Keyser-Cooper (paralegal rate) | 8.8 | $90 | $792.00 |
| Diane Vaillancourt | 269.45 | $350 | $94,307.50 |
|  |  |  |  |
| **Total Lodestar** | **$260,940.00** |  |  |
| **Total Costs** | **$3,218.86** |  |  |
| **Total Award** | **$264,158.86** |  |  |

15

In reaching the total number of compensable hours for Ms. Keyser-Cooper the court reduced the initial hours requested (614.80) by the following:

- 8.8 hours for paralegal work;
- 15.17 hours for deposition preparation;
- 117 hours for appellate briefing and oral argument.

In reaching the total number of compensable hours for Ms. Vaillancourt the court reduced the initial hours requested (325.42) by the following:

- 15.16 hours for deposition preparation;
- 45.81 hours for appellate briefing and oral argument.

Plaintiff requested five hours for preparation of his reply (Pl.'s Mot. 30 n. 9.), which the court concludes is a reasonable request. Thus, the court adds five hours to Ms. Vaillancourt's total hours. In total, the court awards Plaintiff $264,158.86 in attorneys' fees and costs. The court orders Defendants to pay this amount to Plaintiff by no later than thirty (30) days from the date of this order.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. #78) is **GRANTED** in part and **DENIED** in part as detailed above.

DATED: June 28, 2010.

_____
UNITED STATES MAGISTRATE JUDGE